# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTORIA A. NANCE**<br>**1964 Addison Road South**<br>**Forestville, MD  20747** )<br>)<br>)<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| **vs.** )<br>) | **Civil Action No. _____** |
| **MURIEL E. BOWSER** )<br>**MAYOR OF THE DISTRICT OF COLUMBIA** )<br>**1350 Pennsylvania Ave., N.W., Suite 332,** )<br>**Washington, DC 20004** )<br>) | |
| **JOHN A. DONNELLY, SR.,** )<br>**CHIEF OF THE D.C. FIRE AND** )<br>**EMERGENCY MEDICAL SERVICES** )<br>**DEPARTMENT** )<br>**2000 14th Street, N.W., 5th Floor** )<br>**Washington, D.C.  20009** )<br>) | **JURY TRIAL DEMAND** |
| **and** )<br>) | |
| **PFC ASSOCIATES LLC** )<br>**920 Varnum Street, N.E.** )<br>**Washington, DC  20017** )<br>) | |
| **SERVE:** )<br>  **CORPORATION SERVICE COMPANY** )<br>  **1090 Vermont Ave., N.W.** )<br>  **Washington, DC  20005** )<br>) | |
| **Defendants.** )<br>) | |

## COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES
### I.  Preliminary Statement

1.      Plaintiff, Victoria A. Nance, seeks redress for unlawful employment practices,

discrimination, and retaliation perpetrated by Defendant District of Columbia Fire and

Emergency Medical Services Department (hereafter, D.C. Fire & EMS) in violation of Title VII

of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991, as amended, the

District of Columbia Human Rights Act of 1977, as amended (DCHRA), and D.C. Fire & EMS

policies and practices.  Consequently, Plaintiff demands declaratory and injunctive relief,

compensatory damages, and other appropriate relief, legal and equitable, against the Defendants.

Plaintiff demands a jury trial.

## II.  Jurisdiction and Venue

2.      The jurisdiction of this Court is invoked to secure the protection of and to redress

the deprivation of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. 2000e *et seq.*, which provides for injunctive, equitable and other relief

against discrimination in employment on the basis of race, sex, religion, national origin, color,

and by the Age Discrimination in Employment Act (ADEA).  Plaintiff has met all jurisdictional

prerequisites for bringing this action.

3.      The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 1331 and

1343(3) and (4), and this Court's pendent jurisdiction, this being a suit authorized and instituted

under the Civil Rights Act of 1964, as amended, and 28 U.S.C. §§ 2201 and 2202.

4.      This proceeding is instituted in the United States District Court for the District of

Columbia pursuant to 28 U.S.C. § 1391, as the judicial district in which the cause of action arose

and in which the Defendants are located and doing business.

## III.     Parties

5.      Plaintiff, Victoria A. Nance, is an American Indian female of American National

origin, over 40 years of age, residing in Prince George's County, Maryland, who at all times

relevant hereto was, employed as an Emergency Medical Technician by D.C. Fire & EMS, a

position in which Plaintiff has worked since 1999.

6.      Defendant Muriel Bowser is the Mayor of the District of Columbia, at all times relevant to the Complaint.

7.      Defendant John A. Donnelly Sr. is the Chief of the D.C. Fire and EMS Department, a D.C. Government Department, at all times relevant to the Complaint.

8.      PFC Associates operates the D.C. Police and Fire Clinic LLC through a privatization project with the Government of the District of Columbia.

## IV. Statement of the Facts

9.      Plaintiff is a single, American Indian female, born February 9, 1974, who has been employed by Defendants since 1999 as an Emergency Medical Technician/Paramedic.

10.     Plaintiff, who is a Nationally registered EMT/paramedic, is certified and licensed in Cardiopulmonary Resuscitation and Basic Trauma Life Support.

11.     During the course of her employment with the D.C. Fire & EMS Department, Plaintiff served under different Department Chiefs and was promoted to Grade 9 Step 10, her current grade.

12.     During the course of her employment with the D.C. Fire & EMS Department, Plaintiff received awards such as letters of recognition, sick leave incentive awards, and life saver medallion pins on various occasions.

13.     On January 8, 2020, Plaintiff, together with Chinua A. Walker, filed a complaint in the Superior Court of the District of Columbia, Case No. 2020 CA 000130 B, against the American Federation of Government Employees, Local 3721, American Federation of Government Employees, District 14, and Defendant D.C. Fire and EMS, for Breach of Contract and Breach of Collective Bargaining Agreement due to the lack of fair representation.

14.     After filing the Complaint, Plaintiff was exposed to various discriminatory and retaliatory remarks from her supervisors including their failure to provide Plaintiff proper response and explanation on her request for leave and their arbitrary denial of her leave request.

15.     On December 21, 2020, Plaintiff requested leave through the Voluntary Leave Transfer program.

16.     Plaintiff completed the required forms with the supporting documents and submitted the request through the chain of command and carbon copied to Human Resources Division.

17.     Plaintiff requested the leave to provide personal care for an immediate relative and the anticipated duration of the leave would have started on January 1, 2021, with 320 hours requested.

18.     Plaintiff also provided the required medical certificate from a physician to Human Resources and the submission of these documents should have made Plaintiff eligible to receive the requested leave.

19.     Plaintiff was denied the requested leave by the chain of command, Fire Lieutenant, Michael Fitzgerald, the 5th Battalion Fire Chief, Thomas Thornhill, Deputy Fire Chief, Thomas Dean, and Assistant Fire Chief, Edward C. Smith.

20.     These members of Plaintiff's chain of command denied Plaintiff's requested leave based on D.C. Code Ann. § 1-612.32(c)  (current through June 24, 2021) and the D.C. Personnel Manual (DPM) Instruction No. 12-35 Section 2(d) which states, "The amount of leave transferred under the Voluntary Leave Transfer Program shall not exceed 320 hours during any 12-month period " and claiming that the Plaintiff received 320 hours of Voluntary Leave on June 17, 2020, and thus, Plaintiff is not eligible for the program until June 17, 2021.

21.     The decision to deny Plaintiff's requested leave was based on incorrect interpretation of the statute.

22.     The maximum of 320 hours of transferred leave during any 12-month period should apply to each year, not year to date, as it is done for paid family leave.

23.     On February 23, 2021, Plaintiff applied for Leave without Pay and 56 hours of unused Advanced Sick Leave through DC Fire & EMS Human Resources systems.

24.     Subsequently, no response was given to the Plaintiff's request from the supervisors and thus, Plaintiff was obliged to send out a follow-up email to Fire Lieutenant, Michael Fitzgerald and she carbon copied the 5th Battalion Aid-St. Anthony Lee and D. C. Fire & EMS Human Resources personnel, Erika Evans to the request.

25.     The 5th Battalion Chief, Thomas Thornhill, replied to the Plaintiff saying, "please see the message below from the Assistant Fire Chief Edward Smith" and he also referred the attached December 21, 2020, document submitted by the Plaintiff, which show his failure to acknowledge Plaintiff's February 23, 2021 Leave request.

26.     Due to the failure on D. C. Fire & EMS supervisors' part to respond to the February 23, 2021, leave request, Plaintiff once again resubmitted a Memorandum and Form 1199, requesting Leave Without Pay and 56 Advance Sick Leave hours on April 12, 2021.

27.     Plaintiff also attached her medical documentation in accordance with the Department procedures which makes her eligible for the requested leave.

28.     On the same day, 5th Battalion Chief, Thomas Thornhill responded to the Plaintiff request stating that he sent the documents to Deputy Chief Dean for a 3rd endorsement and review.

29.     The first endorsement made by Lt. Fitzgerald, approved both requests, further stated the Advance Sick Leave is approved as of May 18, 2021, and recommended the report to be sent to the chain of command.

30.     The 2nd endorsement made by 5th Battalion Chief Thomas Thornhill recommended that all relevant documents to be forwarded to the Division Head.

31.     The 3rd endorsement by Deputy Fire Chief T. Dean also stated that he concurred with Chief Thomas Thornhill's 2nd endorsement, and it was sent on the same date.

32.     D.C Fire & EMS Human Resource personnel, Deborah Bonsack, received the email on February 12, 2021, and she replied to the Plaintiff on the next day February 13, 2021, stating that Plaintiff's request was received and that it was being reviewed.

33.     Plaintiff did not receive a response that day or the following day February 14, 2021, thus, Plaintiff sent a follow-up email to Deborah Bonsack, to which she replied that Chief Smith is currently following up on the response.

34.     In the meantime, Plaintiff in an attempt to return to work sent a request for instruction on reasonable accommodation to EEO Counselor Kenneth Hunter on February 15, 2021.

35.     On April 16, 2021, Plaintiff received an email from the 5th Battalion Chief Thomas Thornhill stating the Plaintiff's request for Unused Advance Sick Leave was not approved.

36.     The explanation for rejecting Plaintiff's request was that "it is unclear if Plaintiff has the ability to repay advance leave."

37.     Plaintiff's request for Leave without pay was also disapproved by Assistant Chief Edward Smith (who is responsible for Professional Development and is not a Medical Officer;

nor is he a Medical Officer or employee of the Police & Fire Clinic) and there was no explanation given for the adverse decision.

38.     Additionally, Plaintiff's doctor's note was altered, and Chief Edward Smith approved Leave without Pay going forward from April 12, 2021, to April 27, 2021.

39.     Plaintiff was denied the Leave Without Pay requested from January 21, 2021, to April 11, 2021, which left the Plaintiff in an Absence Without Leave (AWOL) status.

40.     On April 20, 2021, Plaintiff requested Reasonable Accommodation for her parenting obligation and childcare issues during the COVID-19 Pandemic.

41.     Plaintiff, as the primary caregiver for her child who has special needs, sent the request to Kenneth Hunter, EEO Program Manager, and HR Division Disability Reviewer Lauren Whitaker-Price, to consider her unique condition and provide the requested accommodation pursuant to Declaration of Emergency for D. C., but the request was denied saying that Plaintiff has exhausted the use of Family Leave Without Pay and FMLA.

42.     On April 26, 2021, Plaintiff reported to Sick call at the D. C. Police and Fire Clinic LLC (PFC Associates LLC) and provided the front desk staff with a copy of the Plaintiff's doctor's note.

43.     Plaintiff's temperature and blood pressure were taken; Cheree Jamison, a physician's assistant on the medical staff, reviewed the doctor's note and cleared Plaintiff to return to a full duty status.

44.     On April 27, 2021, Plaintiff sent out an email informing management of her status pursuant to D. C. personnel regulation.

45.     On the same day, Plaintiff received a call from PFC medical staff Jamison, who stated that the Medical Director, Dr. Olusola Malomo, is ordering Plaintiff to return to PFC to

explain why the Plaintiff's doctor put Plaintiff off for three months and she informed Plaintiff that they are changing her duty status to "Sick Leave Status".

46.     Plaintiff was also requested to report and make a follow-up appointment at the Police & Fire Clinic (PFC).

47.     Over the past months Plaintiff has been repeatedly denied leave she was entitled and qualified for contrary to the D. C. Personnel Manual.

48.     D.C. Fire & EMS Department Officials failed to follow the Personnel Manual and regulations on several occasions when they denied Plaintiff the leave she requested.

49.     Plaintiff made every effort to resolve the matter with her superiors, but no one was willing to assist or provide her with substantive answers.

50.     D.C. Fire & EMS personnel and supervisors were hesitant to answer Plaintiff's constant requests and failed to provide explanation regarding their decision to deny Plaintiff's legitimate leave requests.

51.     On information and belief, D.C. Fire & EMS white and Caucasian employees who applied for the various leave were granted the leave they requested in accordance with the District Personnel Manual.

52.     On information and belief, the denial of Plaintiff's requested leave status was not authorized by the District Personnel Manual and D.C. Code Ann. D. I, tit. 1, Ch. 6, Subch. XII, Refs. & Annos. (Current through June 24, 2021), it was an improper violation of Plaintiff's rights, and it resulted in Plaintiff being treated differently than other similarly situated employees.

53.     Plaintiff was never allowed to take the leave she was entitled pursuant to the District Personnel Manual and D.C. Code Ann. D. I, tit. 1, Ch. 6, Subch. XII, Refs. & Annos.

(Current through June 24, 2021), contrary to other similarly situated employees and she was treated differently in the terms and conditions of her employment.

54.     Plaintiff's effort to seek explanations and her desire to resolve the matter were downplayed and ignored by D.C. Fire & EMS Department supervisors who frequently engaged in humiliating and abusive behavior towards Plaintiff.

55.     On several occasions, former/Retired Deputy Fire Chief Robert V. Pearson gave Plaintiff outdated medical forms (via the Police and Fire Clinic) for her personal doctor to fill out; he stated that "this was a misunderstanding" after he gave updated forms to Plaintiff.

56.     The D.C. Fire & EMS Department also assigned Plaintiff a Police & Fire Clinic (PFC) case worker (Shannon Galloway), a Medical Service Office (MSO) Compliance and Review Specialist (Susan Reyes), and a Workers Compensation Coordinator who was detailed to assist the Medical Services Officer (MSO) with the monitoring of civilian employees (Lauren Whitaker-Price), all unbeknownst to Plaintiff.

57.     Per the Medical Director of the Police & Fire Clinic, Dr. Olusola Malomo, Plaintiff is not to return to work until her personal doctor provides detailed information about diagnosis, treatment prognosis, and return to work recommendation.

58.     Plaintiff informed her supervisors that she had shared her complaints and concerns about discrimination with her co-workers, because other minorities, females and older workers were afraid to say anything for fear of retaliation.

59.     Defendants' unlawful conduct towards Plaintiff, in violation of Title VII, created an unhealthy and hostile work environment at the Department.

60.     The D.C. Fire & EMS Department's personnel and supervisors conduct towards the Plaintiff, their arbitrary decision to deny Plaintiff the leave that she was entitled to by law,

and the hostile work environment created by the Supervisors caused Plaintiff to suffer physically, emotionally, and financially.

## V. FIRST CAUSE OF ACTION
### (Employment Discrimination)

61.     Plaintiff realleges the allegations of Paragraphs 1- 60 as if fully set forth herein.

62.     Plaintiff was treated differently in the terms and conditions of her employment due to her race, age and sex by the Defendants in violation of Title VII of the Civil Rights Act of 1964, as amended.

63.     Plaintiff was treated differently in the terms and conditions of her employment and retaliated against by the Defendants because she spoke out against discriminatory policies and practices against older (over 40) employees, American Indian women in violation of Title VII of the Civil Rights Act of 1964, as amended.

64.     Plaintiff was treated differently in the terms and conditions of her employment because she sought information about policies and practices which she believed had a discriminatory effect against older (over 40) employees, American Indian women in violation of Title VII of the Civil Rights Act of 1964, as amended.

65.     Plaintiff was treated differently in the terms and conditions of her employment, and she was retaliated against by the Defendants for speaking out against policies and practices which had a discriminatory effect on Plaintiff, 47 years old, American Indian women, and which created a hostile and unhealthy work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

66.     Subsequently, Plaintiff filed a Complaint on May 19, 2021, before the Federal Equal Employment Opportunity Commission (EEOC).

67.     Plaintiff received an exit letter from EEOC on May 26, 2021.

68.     Plaintiff has exhausted all administrative prerequisites prior to filing this lawsuit under Title VII of the Civil Rights Act of 1964, as amended.

69.     Plaintiff's Action is timely.

### VI.     SECOND CAUSE OF ACTION
### (Retaliation)

70.     Plaintiff realleges the allegations of Paragraphs 1- 65 as if fully set forth herein.

71.     Plaintiff was treated differently in the terms and conditions of her employment and retaliated against by Defendants because she spoke out against, and complained about, discriminatory policies and practices, including policies and practices which had, or would have a discriminatory impact on Plaintiff, 47 years old, American Indian women, in violation of Title VII of the Civil Rights Act of 1964, as amended.

72.     Plaintiff was treated differently in the terms and conditions of her employment and retaliated against by Defendants because she filed a complaint in the Superior Court of the District of Columbia, Case No. 2020 CA 000130 B, against Defendant D.C. Fire & EMS.

73.     Subsequently, Plaintiff filed a Complaint on May 19, 2021, before the Federal Equal Employment Opportunity Commission.

74.     Plaintiff received an exit letter from EEOC on May 26, 2021.

75.     Plaintiff has exhausted all administrative prerequisites prior to filing this lawsuit under Title VII of the Civil Rights Act of 1964, as amended.

### VII.  THIRD CAUSE OF ACTION
### (Hostile Work Environment)

76.     Plaintiff realleges the allegations of Paragraphs 1- 75 again as if fully set forth herein.

77.     The actions and unlawful conduct of Defendants and their agents created and perpetuated a hostile, discriminatory, retaliatory and unhealthy work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

**WHEREFORE** Plaintiff, Victoria A. Nance, respectfully prays this Honorable Court to advance this case on its docket, order a jury trial at the earliest practicable date, and cause this case to be in every way expedited, and upon such hearing to:

A.     Issue a declaratory judgment that Defendants' acts and practices complained of herein violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended;

B.     Order Defendants to make Plaintiff whole for the discrimination and retaliation, and hostile work environment which she suffered as a result of the acts and practices as described herein, by providing appropriate leave and other benefits in the amount to be shown at trial;

C.     Grant Plaintiff judgment against Defendants for damages in the amount of $250,000 for mental anguish and emotional distress inflicted on Plaintiff as a result of the aforementioned and retaliatory acts and practices, and the hostile and unhealthy work environment to which she was subjected.

D.     Grant Plaintiff punitive damages in the amount of $250,000.

E.     Grant Plaintiff judgment against the Defendants awarding Plaintiff attorney fees and costs for all proceedings; and

F.     Grant such other and further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**VERIFICATION**

I DO SOLEMNLY DECLARE UNDER PENALTIES OF PERJURY THAT THE MATTERS
AND FACTS SET FORTH HEREIN ARE TRUE TO THE BEST OF MY KNOWLEDGE,
INFORMATION, AND BELIEF.

/s/ Victoria Nance

Respectfully submitted,

/s/ Charles E. Walton_____
Charles E. Walton, Esq.
D.C. Bar # 474873
10905 Fort Washington Rd., Ste., 201
Fort Washington, MD  20744
301.292.8357  *office*
301.292.9439  *fax*
cwalton@cwaltonlaw.com
*Attorney for the Plaintiff*